MCGREGOR W. SCOTT
United States Attorney
SHEA J. KENNY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorney for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> YOVANNY ONTIVEROS, <br> aka Yovanny Ontiveros Cebre, <br> aka Yovanny Cebreros, <br><br> Defendant. | CASE NO. 2:18-CR-175 TLN <br><br> STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT AND CONTINUANCE OF TRIAL DATE; FINDINGS AND ORDER <br><br> DATE: February 3, 2020 <br> TIME: 9:00 a.m. <br> COURT: Hon. Troy L. Nunley |

**STIPULATION**

1. By previous order, on June 4, 2019, this matter was set for trial to begin on February 3, 2020, with time excluded through that date. Dkt. No. 38. The Trial Confirmation Hearing was set for December 19, 2019. Counsel expect that trial will require approximately 3 trial days.

2. By this stipulation, the parties now move to continue the trial until August 24, 2020, at 9:00 a.m., and to re-set Trial Confirmation Hearing for July 23, 2020, at 9:30 a.m., to set a briefing schedule for any motions brought pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure, and to exclude time between February 3, 2020, and August 24, 2020, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

   a) Assistant Federal Defender Jerome Price has represented he intends to file a motion to dismiss the indictment based on recent developments in case law, specifically with

respect to the classification of California Health and Safety Code section 11379 (the statute of conviction which was the basis of the defendant's 2005 Administrative Removal Order) as a "controlled substance offense," based on the Ninth Circuit's reasoning in *Lorenzo v. Sessions*, 902 F.3d 930 (9th Cir. 2018) ("*Lorenzo I*"), superseded on denial of rehearing by *Lorenzo v. Whitaker*, 752 Fed. Appx. 482 (9th Cir. 2019) (unpublished) ("*Lorenzo II*"), which held that California's definition of methamphetamine is categorically overbroad because it includes geometric isomers of methamphetamine whereas the federal definition does not. *See Lorenzo I*, 902 F.3d at 936-38. In its petition for panel rehearing, the government argued that the California definition is not categorically overbroad because geometric isomers of methamphetamine do not in fact exist. *See Lorenzo II*, 752 Fed. Appx. At 485. The *Lorenzo II* court withdrew its opinion in *Lorenzo I*, but did not decide the theoretical impossibility argument and leaving the issue to be litigated in the district courts. *See id.* &486 n.2 ("Our decision . . . does not conclude that geometric isomers of methamphetamine exist; it concludes only that the record in this case does not show that they do *not* exist."). Defendant seeks to raise this issue in his own motion to dismiss.

   b)  Subsequent to the parties' previous stipulation setting the February 3, 2020 trial date, on April 23, 2019, counsel for the government provided defense counsel with a copy of a motion to dismiss filed by the government in the Central District of California in *United States v. Carlos Nava Cisneros*, No. 18-450-SVW (C.D. Cal.), in which the government moved to dismiss an indictment charging a violation of 8 U.S.C. § 1326 where the defendant's prior removal was premised on an underlying California conviction involving methamphetamine. *See United States v. Carlos Nava Cisneros*, No. 18-450-SVW, Dkt. No. 55- (C.D. Cal. April 16, 2019). In that case, the defendant had brought a motion to dismiss pursuant to 8 U.S.C. § 1326(d) challenging his underlying removal based on the *Lorenzo* cases. The court intended to appoint Dr. Travis Williams, a chemistry professor as a neutral expert pursuant to Federal Rule of Evidence 706. The government discovered that a former Special Assistant United States Attorney ("SAUSA") had previously contacted the professor in connection with a search for an expert on the chemistry of methamphetamine. The government discovered an email that had inadvertently not been

produced in discovery in that case in which the professor stated, "[t]here are many geometrical isomers of methamphetamine." The government moved to dismiss the indictment so as to remedy the unintentional failure to produce the email and to clarify the professor's statement.

  c) Disclosure of the *Nava Cisneros* motion to dismiss to defense counsel caused defense counsel to change its strategy in this case with respect to whether to file a motion to dismiss based on the Ninth Circuit's reasoning in the *Lorenzo* decisions and the substance of such a motion.

  d) On October 1, 2019, the government provided with 19 pages of additional discovery consisting of declarations from 4 professors of chemistry, as well as memoranda of interviews and emails from the professors. These documents relate to the chemical makeup of methamphetamine and, specifically, as to whether geometric isomers of methamphetamine exist. The documents also contained a declaration from Dr. Williams, the professor whose email had led the government to move to dismiss the *United States v. Nava Cisneros* case, in which Dr. Williams states that it is his expert opinion that the methamphetamine molecule cannot possibly have geometric isomers, as well as memoranda of interviews with Dr. Williams, in which Dr. Williams clarifies his statement in the above-referenced email with the government.

  e) Given the above-described developments in case law and the expert opinions and statements regarding the chemical makeup of methamphetamine, and in particular whether geometric isomers of methamphetamine exist, defense counsel has represented that he requires additional time to research and prepare to file his motion to dismiss the indictment on the grounds that California's definition of methamphetamine is overbroad and as such California Health and Safety Code section 11379 (the statute of conviction which was the basis of the defendant's 2005 Administrative Removal Order) is not a "controlled substance offense." This will require additional time to research and investigate the defendant's underlying criminal history, immigration proceedings, and the applicable law, as well as additional time to research and prepare the motion.

  f) In addition to the 19 pages of discovery related to expert opinions on geometric isomers of methamphetamines discussed above, the government previously produced discovery

in the form of approximately 188 bates-stamped pages or files of material. This is comprised of material from the defendant's A-File, including documents regarding his prior immigration proceedings and contacts with immigration authorities, as well as documents related to his prior criminal convictions and his criminal history. All of this discovery has been produced directly to counsel and/or made available for inspection and copying.

  g)  Defense counsel also requests this continuance on the grounds that a continuance is necessary to ensure effective preparation and continuity of counsel. Defense counsel is currently set to begin a separate trial on February 3, 2020, in the matter of *United States v. Kenneth Keyes*, 2:17-cr-00168-JAM. Defense counsel estimates that this trial will take at least two weeks. A request for a continuance in this case has already been considered and denied by the presiding judge.

  h)  Counsel for defendant believes that failure to grant the above-requested continuance would deny the defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

  i)  The government does not object to the continuance.

  j)  Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

  k)  For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of February 3, 2020 to August 24, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.  Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

5. In addition to the requested continuance of the trial until August 24, 2020 and exclusion of time between February 3, 2020, and August 24, 2020, under Local Code T4, the parties also request that the Court set the following briefing schedule for any motions brought pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure:

    a) Any pretrial motions brought pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure shall be filed by February 27, 2020.

    b) The government's opposition to any Rule 12(b)(3) motion shall be filed by March 26, 2020.

    c) The defendant's reply to any Rule 12(b)(3) motion, if any, shall be filed by April 9, 2020.

    d) The Court's hearing on any Rule 12(b)(3) motion shall be scheduled for April 23, 2020, unless the Court sets a different date.

IT IS SO STIPULATED.

Dated: December 13, 2019                                          McGREGOR W. SCOTT
                                                                         United States Attorney

                                                                         /s/ SHEA J. KENNY
                                                                         SHEA J. KENNY
                                                                         Assistant United States Attorney

Dated: December 13, 2019                                          /s/ JEROME PRICE
                                                                         JEROME PRICE
                                                                         Counsel for Defendant
                                                                         YOVANNY ONTIVEROS

**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED this 13th day of December, 2019.

                                                                          Troy L. Nunley
                                                                         United States District Judge