McGREGOR W. SCOTT
United States Attorney
SHEA J. KENNY
CAMERON DESMOND
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>YOVANNY ONTIVEROS,<br><br>                              Defendant. | CASE NO. 2:18-CR-00175 TLN<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: October 15, 2020<br>TIME: 9:30 a.m.<br>COURT: Hon. Troy L. Nunley |

This case is set for status October 18, 2020.  On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice."  Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2, 2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency, were entered to address public health concerns related to COVID-19.

Although the General Orders and declarations of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

1 "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

2 findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-

3 record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such

4 failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153

5 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit

6 findings on the record "either orally or in writing").

7       Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

8 and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial

9 emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the

10 judge granted such continuance on the basis of his findings that the ends of justice served by taking such

11 action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C.

12 § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of

13 the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of

14 such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

15       The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."

16 18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address

17 continuances stemming from pandemics, natural disasters, or other emergencies, this Court has

18 discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-

19 week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d

20 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.

21 *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to

22 exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

23 The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated

24 by the statutory rules.

25       In light of the societal context created by the foregoing, this Court should consider the following

26 case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

27 justice exception, § 3161(h)(7) (Local Code T4). [2]  If continued, this Court should designate a new date

28

_____

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D.

for a status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial

continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and

through defendant's counsel of record, hereby stipulate as follows:

1.      By previous order, this matter was set for status October 15, 2020.

2.      By this stipulation, defendant now moves to continue the status conference until

November 19, 2020, at 9:30 a.m., and to exclude time between October 15, 2020, and November 19,

2020, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has represented that the discovery associated with this case

includes approximately 207 pages, comprised of material from the defendant's A-file, including

documents regarding his prior immigration proceedings, removal, and contacts with immigration

authorities; documents related to his prior criminal convictions and criminal history; as well as

documents related to expert opinions on methamphetamine pertinent to the defendant's

previously filed motion to dismiss.  All of this discovery has been either produced directly to

counsel and/or made available for inspection and copying.

b)      Counsel for defendant desires additional time to consult with his client, to review

the current charges, to conduct investigation and research related to the charges, to discuss

potential resolutions with his client, and to otherwise prepare for trial.

c)      Counsel for defendant believes that failure to grant the above-requested

continuance would deny him the reasonable time necessary for effective preparation, taking into

account the exercise of due diligence.

d)      The government does not object to the continuance.

e)      In addition to the public health concerns cited by the General Orders and

declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an

ends-of-justice delay is particularly apt in this case because:

Cal. March 18, 2020).

- The parties anticipate that the trial in this matter will involve numerous witnesses and several days of testimony.  Presenting such witness testimony would require multiple days of in-person hearings, and precautions will need to be devised to minimize exposing members of the public (including the witnesses, jurors, counsel, and the Court's staff) to increased health risks.
- The government anticipates calling witnesses who will need to travel from outside the Eastern District, including potentially from Southern California and Texas.
- The trial in this case cannot be conducted by videoconferencing (or telephone conferencing if videoconferencing is not reasonably available) pursuant to General Order 614 (CARES Act).

f)     Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g)     For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of October 15, 2020 to November 19, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1    4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the

2  Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

3  must commence.

4    IT IS SO STIPULATED.

Dated:  October 13, 2020                    McGREGOR W. SCOTT
                                            United States Attorney


                                            /s/ SHEA J. KENNY
                                            SHEA J. KENNY
                                            CAMERON DESMOND
                                            Assistant United States Attorneys


Dated:  October 13, 2020                    /s/ JEROME PRICE
                                            JEROME PRICE
                                            Counsel for Defendant
                                            YOVANNY ONTIVEROS


## FINDINGS AND ORDER

IT IS SO FOUND AND ORDERED this 13th day of October, 2020.


                                            Troy L. Nunley
                                            United States District Judge